UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-127-KAC-DCP |
| | ) | |
| GARY BRANDON LEMON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Gary Lemon's Unopposed Motion to Continue All Deadlines and Trial Date [Doc. 18], filed on October 16, 2026.

Defendant asks the Court to continue the December 1, 2026 trial date for approximately ninety days, to extend the October 20 motion deadline, and to reset all pretrial deadlines [*Id.* at 1, ¶ 6]. As grounds, Defendant states that Defendant first appeared and counsel was appointed on September 22, 2026 [*Id.* ¶ 1]. He submits that despite defense counsel's exercise of due diligence, counsel needs more time to investigate the facts and circumstances of the case, to engage in plea negotiations, and to advise him on the best resolution of this matter [*Id.* ¶¶ 2, 4]. Defendant is aware of his speedy trial rights and understands all time between the filing of this motion and the new trial date will be fully excludable for speedy trial purposes [*Id.* ¶ 5]. The motion relates that the Government does not oppose the requested continuance [*Id.* ¶ 6].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to complete his investigation of the case to include evaluating the need for pretrial motions, confer with Defendant, engage in plea negotiations, and otherwise prepare for trial. The Court finds that all of this cannot occur before the December 1, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue All Deadlines and Trial Date [**Doc. 18**]. The trial of this case is reset to **February 23, 2027**, and a new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 16, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Unopposed Motion to Continue All Deadlines and Trial Date [**Doc. 18**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 23, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 16, 2026**, and the new trial date of **February 23, 2027**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **November 20, 2026**. Responses to motions are due on or before **December 4, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 22, 2027**;

(6) the deadline for filing motions *in limine* is **February 8, 2027**, and responses to motions *in limine* are due on or before **February 16, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **February 9, 2027, at 11:15 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 12, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin

Debra C. Poplin
United States Magistrate Judge